UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER**
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
ID: LF:7810
Attorneys for Plaintiffs

| | |
|---|---|
| **NANCY ELLITHY and all others similarly situated,**<br><br>*Plaintiffs,*<br><br><br>vs.<br><br>**HEALTHCARE TRAINING INSTITUTE, INC., a New Jersey for-profit corporation, BASHIR MOHAMMAD, M.D., JOY CROWLEY, et al,**<br><br>*Defendants.* | Hon. Claire C. Cecchi, U.S.D.J.<br><br>Case No.: 2:2012-cv-06209<br><br><br><br>RETURN DATE:  **November 19, 2012**<br><br>Document Filed Electronically |

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION TO REMAND CASE TO STATE COURT

Leslie A. Farber, Esq.
 On the Brief

LESLIE A. FARBER, LLC
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
Attorneys for Plaintiffs

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        THIS CASE SHOULD BE REMANDED TO STATE COURT BECAUSE
        DEFENDANTS FAILED TO PROVE MINIMAL DIVERSITY FOR FEDERAL
        JURISDICTION UNDER CAFA, AND BECAUSE BOTH THE LOCAL
        CONTROVERSY AND HOME STATE EXCEPTIONS UNDER CAFA APPLY
        ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            Burden of Proof. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            Defendants Failed to Meet their Burden of Establishing Minimal
            Diversity.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            The Local Controversy <u>Mandatory</u> Abstention Provision of CAFA is
            Applicable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            Remand Is Proper Pursuant to the <u>Discretionary</u> Exception.. . . . . . . . . . 9

            Discovery May Be Undertaken.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    POINT II. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        DEFENDANTS' IMPROPER REMOVAL JUSTIFIES AN AWARD OF
        PLAINTIFFS ATTORNEY'S FEES AND COSTS INCURRED ON THIS
        MOTION... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

Certain Interested Underwriters at Lloyd's v. Layne, 26 F.3d 39 (6th Cir. 1994). . . . . . . . . . . . . . 6

Evans v. Walter Indus., Inc., 449 F.3d 1159 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675 (7th Cir. 2006). . . . . . . . . . . . . . . . . 5, 12

Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564 (5th Cir. 2011). . . . . . . . . . . . . . . . . . . . . 8, 9

In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75 (1st Cir. 2009).. . . . . 10

In re: Sprint Nextel Corp., No. 09-8038 (7th Cir. 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . 5

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673 (1994). . . . . . . . 4

Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704 (2005).. . . . . . . . . . . . . . . . . 13, 14

Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70 (S.D.N.Y. 2006).. . . . . . . . . . . . 7

Mints v. Educational Testing Service, 99 F.3d 1253 (3d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . 13

Miss. Band of Choctaw Indians v. Holyfield, 9 490 U.S. 30 (1989). . . . . . . . . . . . . . . . . . . . . . . 6

Moore v. Permanente, 981 F.2d 443 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917 (2d Cir. 1992). . . . . . . . . . . . . . . . 13

Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238 (6th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . 13

Preston v.Tenet Healthsystem Memorial Med. Ctr., 485 F.3d 804 (5th Cir. 2007). . . . . . . . . . . . 9

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941). . . . . . . . . . . . . . . . . . 4

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003 (1998).. . . . . . . . . . . . . . . 4

Stifel v. Hopkins, 477 F.2d 1116 (6th Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Von Dunser v. *Aronoff,* 915 F.2d 1071 (6th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

28 U.S.C. § 1332(d)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5

28 U.S.C. § 1332(d)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1447(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. §1332(d)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §1332(d)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

N.J.S.A. 56:8-1 et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## PRELIMINARY STATEMENT

This Court is without subject matter jurisdiction to preside over this action.  Defendants, Healthcare Training Institute, Inc. ("HTI"), Bashir Mohammad, M.D., and Joy Crowley (collectively "defendants"), removed this action pursuant to the provisions of  the Class Action Fairness Act of 2005 ("CAFA"), which creates federal subject matter jurisdiction over nation-wide class actions where, inter alia, there is minimal diversity and an aggregated amount in controversy of more than $5 million.  28 U.S.C. § 1332(d)(2).  The burden of proving CAFA's jurisdictional prerequisites falls on the removing defendant.

HTI failed to provide evidence to satisfy its burden that minimal diversity exists, thus remand is required.  By relying solely on allegations of residency of a few former students of the entire school, HTI failed to properly allege the citizenship of the class of plaintiffs.  HTI has relied entirely and improperly upon speculation and assumptions concerning plaintiffs' citizenship.

Even if HTI had correctly established federal subject matter jurisdiction under CAFA, which it has not, the Court should still remand this case pursuant to CAFA's mandatory "local controversy" or "home state" exceptions, or pursuant to the "discretionary jurisdiction" exception.  For the reasons set forth below, this Court should enter an Order of Remand.

Should the motion for remand not be granted immediately, for the reasons stated herein, plaintiffs request the Court grant leave to take discovery for the purposes of this Motion for Remand.

1

**STATEMENT OF FACTS**

Plaintiffs filed a class action Complaint (Amended) against defendants in Superior Court of New Jersey, Union County, on or about August 20, 2012.  *See* Plaintiffs' First Amended Complaint (hereinafter "Exhibit A" (without attachment)), referred to herein as plaintiffs' Complaint.  Plaintiff's Complaint was served upon defendant Healthcare Training Institute, Inc. (hereinafter "HTI") on August 28, 2012, upon defendant Bashir Mohammad, M.D., on September 3, 2012, and upon defendant Joy Crowley on August 30, 2012.  *See* Summonses and Affidavits of Service (hereinafter "Exhibit B").

Plaintiffs base their causes of action upon defendants' fraudulent conduct, primarily that of HTI, a health care vocational school operating solely in the City of Union, New Jersey.  Plaintiffs allege that HTI fraudulently sold them educational programs of study based on the false premise that upon graduation they would be qualified as certified technicians in the field of Diagnostic Medical Sonography;  but because the program was not adequately certified and failed to contain sufficient clinical hours (they only contained 800 clinical hours), they would not in fact be able to do so.  *See* Exhibit A.

The causes of action alleged in the Complaint include violations of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1 et seq., common law fraud, breach of contract, and unjust enrichment – claims based entirely on state law.

Plaintiffs have defined the proposed class (the "Class") as follows:

The class consists of students who paid for, received financial aid for, and/or took out loans and attended HTI's courses conducted in New Jersey and who graduated or expected to graduate from HTI in the years 2009-2011 [hereinafter "Students"]. Each of the Students signed an "Student Enrollment Contract" with HTI.  The Students entered into enrollment agreements with HTI within the State of New Jersey and were residents of New Jersey.

*See* <u>Exhibit A</u> at First Count par. 8 (emphasis added).

Defendants filed a Notice of Removal of the state court action with this Court on October 3, 2012. *See* Notice of Removal (hereinafter "Exhibit C"). Among other things, defendants allege in their Notice of Removal that, under CAFA, removal is proper because "at least one member of the putative class of plaintiffs is a citizen of a State different from any defendant," pursuant to 28 U.S.C. § 1332(d)(2)(a). *See* <u>Exhibit C</u> at pars. 3, 8-13.

Defendants admit they are all residents of New Jersey, but allege minimal diversity based on their assertion that "individuals of this proposed class . . . are residents of North Carolina, Virginia, Pennsylvania, and New York" (<u>Exhibit C</u> at pars. 10, 12), even though plaintiffs' Complaint specifically limits the class to students who are residents of New Jersey. <u>Exhibit A</u> at First Count par. 8. The named plaintiff (Nancy Ellithy) also states that she attended HTI from September 2009 - March 2011, she frequently interacted with other students, (although not taking a formal survey of the residency or citizenship addresses of her fellow students) learned that almost all of those students lived in New Jersey, recalls that only one (1) student lived outside of New Jersey (New York), and estimates that at least ninety-five percent (95%) of her fellow students at the time resided in or were citizens of New Jersey. *See* Certification of Nancy Ellithy (hereinafter "Exhibit D").

Although not specifically stated in paragraph 8 of plaintiffs' Complaint, the class of students described throughout the Complaint also is limited to those who took classes for certification in the field of diagnostic medical sonography. *See* <u>Exhibit A</u> at First Count pars. 11, 17-19, 22, 26, 33, 36-37,41,48-49, Fourth Count par. 2.

3

**LEGAL ARGUMENT**

<u>POINT I</u>

**THIS CASE SHOULD BE REMANDED TO STATE COURT BECAUSE DEFENDANTS FAILED TO PROVE MINIMAL DIVERSITY FOR FEDERAL JURISDICTION UNDER CAFA, AND BECAUSE BOTH THE LOCAL CONTROVERSY AND HOME STATE EXCEPTIONS UNDER CAFA APPLY.** 28 U.S.C. § 1332.

A. **Burden of Proof**

The burden of proving the propriety of removal falls upon the party invoking federal jurisdiction. "Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy requirement is satisfied." *Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir. 2006); *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S.Ct. 1003 (1998). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673 (1994).

The removal jurisdiction of the federal courts is to be "scrupulously confined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868 (1941). This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. *Id.* at 108-09. In the matter sub judice, the aforementioned policy would be furthered by remand since the Complaint asserts no federal question, implicates only state law and concerns a dispute between a health vocational school and its local students.

B. **Defendants Failed to Meet their Burden of Establishing Minimal Diversity.**

Federal courts are courts of limited jurisdiction and the invoking party bears the burden to show jurisdiction exists. *Kokkonen,* 511 U.S. 375. Through the Class Action Fairness Act,

Congress expanded that jurisdiction.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5).  However, the home

state and local controversy exceptions require that the federal court decline jurisdiction decline

jurisdiction when the controversy is uniquely local ("local" being the state in which the action

was originally filed).  *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 149 (3d Cir.

2009).

      CAFA requires federal courts to decline jurisdiction over a proposed class action if the

(1) the local controversy exception, 28 U.S.C. §1332(d)(4)(A), or (2) the home state exception,

§ 1332(d)(4)(B), are proven by a preponderance of the evidence.  CAFA mandatory abstention

provisions are "designed to draw a delicate balance between making a federal forum available to

genuinely national litigation and allowing the state courts to retain cases when the controversy is

strongly linked to that state."  *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 682 (7th

Cir. 2006).  "Congress crafted CAFA to exclude only a narrow category of truly localized

controversies, and the exceptions provide a statutory vehicle for the district courts to ferret out

the controversy that uniquely affects a particular locality to the exclusion of all others." *Evans* v.

*Walter Indus., Inc.,* 449 F.3d 1159 (11th Cir. 2006) (internal quotes omitted).  This matter affects

New Jersey specifically because HTI only is located in New Jersey, the vast majority of students

attending HTI live and work in New Jersey, and the claims are purely state law claims.

## C.  **The Local Controversy <u>Mandatory</u> Abstention Provision of CAFA Is Applicable**

      The "local controversy" exception provides that a district court "shall decline to exercise

jurisdiction"

     (i) over a class action in which-
          (I) greater than two-thirds of the members of all proposed plaintiff classes
          in the aggregate are citizens of the State in which the action was originally
          filed;
          (II) at least 1 defendant is a defendant-

(aa) from whom significant relief is sought by members of the
plaintiff class;
(bb) whose alleged conduct forms a significant basis for the claims
asserted by the proposed plaintiff class; and
(cc) who is a citizen of the State in which the action was originally
filed; and
(III) principal injuries resulting from the alleged conduct or any related
conduct of each defendant were incurred in the State in which the action
was originally filed; and
(ii) during the 3-year period preceding the filing of that class action, no other
class action has been filed asserting the same or similar factual allegations against
any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

The "two-thirds" requirement is met.

Plaintiffs have identified the proposed class to include students who graduated or

expected to graduate in 2009-2011, who took classes for certification in the field of diagnostic

medical sonography, and are from New Jersey.  Exhibit A at First Count pars. 8, 11, 17-19, 22,

26, 33, 36-37, 41,48-49, Fourth Count par. 2.  Other than bare conclusions, defendants has

provided no evidence to the contrary.

When courts determine citizenship for the purposes of the diversity statute, including

CAFA, the citizenship of a natural person is equated with his or her domicile.  *Certain Interested

Underwriters at Lloyd's* v. *Layne,* 26 F.3d 39, 41 (6th Cir. 1994);  *Von Dunser* v. *Aronoff,* 915

F.2d 1071, 1072 (6th Cir. 1990).  This is because "[t]o acquire domicile within a particular state,

a person must be physically present in the state and must have either the intention to make his

home there indefinitely or the absence of an intention to make his home elsewhere."  *Stifel* v.

*Hopkins,* 477 F.2d 1116, 1120 (6th Cir. 1973);  *see also Miss. Band of Choctaw Indians* v.

*Holyfield,* 9 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in

a place in connection with a certain state of mind concerning one's intent to remain there.").

6

<u>A person's citizenship or domicile is composed of an objective and subjective component.</u>

The Court may apply its common sense in making a reasonable determination as to whether the class meets the two-thirds threshold.  *Mattera* v. *Clear Channel Communications, Inc., 239* F.R.D. 70, 80 (S.D.N.Y. 2006) ("While Defendants have not provided evidence, in the form of an affidavit or otherwise, establishing such citizenship, it is reasonably likely that more than two-thirds of the putative class members of the proposed class-all of whom work in New York - are citizens of New York."). This is especially appropriate here, where HTI's own statistics indicate that more than two-thirds of its graduates remain and are employed in New Jersey.

In sum, the Class will surpass the two-thirds threshold needed to satisfy the first prong of CAFA's local controversy exception.  Plaintiffs would serve discovery requests addressed to HTI to obtain certain records of HTI which will be used by plaintiffs to support their contention that two-thirds of the proposed Class are citizens of New Jersey.

<u>Plaintiffs seek significant relief from HTI, a New Jersey citizen, whose conduct forms a significant basis of plaintiffs' claims.</u>

Plaintiffs seek significant relief from HTI, *i.e.* damages and equitable relief.  Defendants' conduct forms a significant basis for plaintiffs' claims, *i.e.* inducing students to attend the school by promulgating erroneous and misleading salary and employment information.

As required under this exception, at least one defendant, the primary defendant, HTI, is a citizen of new Jersey, the original filing state.  HTI concedes that it is a New Jersey citizen and has its principal place of business in New Jersey, rendering it a citizen of New Jersey for CAFA purposes.  *See Hertz Corp.* v. *Friend,* 130 S.Ct. 1181, 1186 (2010) (determining that the "nerve center" test should be applied in all corporate situations and that "principal place of business"

7

refers to the location from which the corporation's activities are directed, controlled, and coordinated).

<u>Principal injuries occurred and continue to occur in New Jersey</u>

As alleged in the Complaint, plaintiffs paid tuition to HTI in New Jersey based upon misleading and deceptive information promulgated by HTI and the individual defendants. This promulgation and dissemination occurred in New Jersey, the state in which the action was originally filed.

This case concerns the practice of law and the manner in which students are educated for the practice of vocational education, and specifically in ultrasound sonography. Thus, the state court is the proper forum in which this dispute should be resolved.

Finally, as further required under the exception, during the 3-year period preceding the filing of the class action, there have been no other class actions filed asserting similar factual allegations against HTI and the individual defendants on behalf of the same persons. Thus, remand is warranted.

<u>The Home State Mandatory Abstention Provision of CAFA is Applicable.</u>

The "home state" mandatory abstention provision prevents a federal district court from exercising subject matter jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 570 (5th Cir. 2011). As noted in *Hollinger,* courts have acknowledged that where a proposed class is discrete in nature, a common sense presumption should be used in determining whether citizenship requirements have been met. *Id.* at 572.

8

As set forth in the preceding section, the requirement that two-thirds of the proposed class members are citizens of New Jersey, the original filing state, is met.  HTI's own Administrative Coordinator concedes that only a few former students come from out-of-state. Moreover, all defendants are citizens of New Jersey.  HTI , the defendant with direct and respondeat superior liability, has acknowledged that it is a citizen of New Jersey with its principal place of business in New Jersey, rendering it an New Jersey citizen under CAFA. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1186 (2010) .  All of the requirements of the home state exception are met and remand is warranted.

D.  **Remand Is Proper Pursuant to the <u>Discretionary</u> Exception.**

In the event that this Court determines that the mandatory exceptions to CAFA are inapplicable, 28 U.S.C. §1332(d)(3) "provides a discretionary vehicle for district courts to ferret out the controversy that uniquely affects a particular locality to the exclusion of all others." *Preston v.Tenet Healthsystem Memorial Med. Ctr.,* 485 F.3d 804, 812 (5th Cir. 2007) (citing *Evans,* 449 F.3d at 1164).  Specifically, section 1332(d)(3) provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under [Section 1332( d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of-
>
>> (A) whether the claims asserted involve matters of national or interstate interest;
>>
>> (B) whether the claims asserted will be governed by laws of the State in which the action as originally filed or by the laws of other States;
>>
>> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>>
>> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

9

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

As set forth below, the factors enumerated within the discretionary exception of CAFA are present and mitigate strongly in favor of remand.

Factor (A):  The claims asserted in the Complaint against HTI are New Jersey state law claims, asserted by primarily New Jersey citizens, directed against an New Jersey citizen.  HTI improperly concludes that because similar lawsuits have been filed in other states, that the suit before this Court is a matter of national interest.  However, case law provides otherwise.  *See In re: Sprint Nextel Corp.,* No. 09-8038 (7th Cir. 2010) ("The fact that this suit may be but a slice of a bigger controversy, is irrelevant" (citing to *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,* 564 F.3d 75 (1st Cir. 2009), noting that despite the national and even international flavor of the controversy as whole, the court would only look at the case before it and applied the citizenship requirements of the home state exception)).  This case involves matters purely related to New Jersey law and thus this factor weighs in favor of remand.

Factor (B):  The claims asserted by plaintiffs are entirely within the ambit of state court jurisdiction.  The claims are state law claims only:  New Jersey Consumer Fraud Act, New Jersey common law fraud, New Jersey common law breach of contract and New Jersey common law unjust enrichment.  These claims do not implicate the laws of any other state.

10

Factor (C):  Plaintiffs drafted their Complaint because they strongly suspected that federal jurisdiction was lacking in that the vast majority of HTI graduates reside in and are citizens of the State of New Jersey, and presumably have been seeking employment in the State of New Jersey.  The Complaint on its face contains no federal question or issue warranting the invocation of federal jurisdiction.

Factor (D):  The Complaint was brought in a forum with a distinct nexus to the damages and plaintiffs.  The damages occurred in New Jersey as the payment of tuition incurred in New Jersey and many plaintiffs had difficulty obtaining employment in New Jersey.  The vast majority of plaintiffs, as explained in the preceding section, reside, work and are citizens of New Jersey.

Factor (E): Here, even defendants would concede that the number of New Jersey citizens in the proposed class is "substantially larger than the number of citizens from any other State," and the citizenship of the few non-New Jersey members of the proposed class is dispersed among a substantial number of States.[1]

Thus, the factors outlined in the discretionary exception mitigate in favor of remand.

E.  **Discovery May Be Undertaken.**

Remand is proper due to the fatal flaws in the Notice of Removal, especially in light of defendants' failure to present sufficient evidence to establish subject matter jurisdiction.  However, if the Court believes that additional information is necessary in order to reach a decision, plaintiffs respectfully request a short period to conduct factual discovery related to these issues.  *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 682 (7th Cir. 2006)

---

[1] Factor (F) would seem inapplicable to this case since it seems, as best as plaintiffs can determine, that there have been no previous class action actions against any defendant.

11

("plaintiffs have the right, through appropriate discovery, to explore the facts relevant to the court's jurisdiction as the case progresses").  In that event, plaintiffs respectfully request that the Court set this matter for an evidentiary hearing within 60 days on the Home State mandatory exception.

In sum, defendants have failed to meet their burden of establishing federal jurisdiction under CAFA.  The minimal diversity requirement has not been established.  Nevertheless, plaintiffs have proven by a preponderance of the evidence that both the local controversy and home state mandatory exceptions apply.  Even if the Court were to find otherwise, the discretionary exception mitigates strongly in favor of remand to state court, which is plaintiffs' chosen forum.

Accordingly, Court should remand this case to the Superior Court of New Jersey, or Order limited discovery and hold a fact-finding hearing to determine whether either jurisdictional exception applies.

POINT II

**DEFENDANTS' IMPROPER REMOVAL JUSTIFIES AN AWARD OF PLAINTIFFS ATTORNEY'S FEES AND COSTS INCURRED ON THIS MOTION.** 28 U.S.C. § 1447(c).

The statute governing procedure after removal provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The statute allows the Court to require payment of costs and fees by a party who removed a subsequently-remanded case. *Mints v. Educational Testing Service*, 99 F.3d 1253, 1258 (3d Cir. 1996); *see also Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993); *Moore v. Permanente*, 981 F.2d 443, 447 (9th Cir. 1992); *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992).

Although the award of fees on a remand is left to the District Court's discretion, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under section 1447(c) where the removing party lacked an *objectively reasonable basis* for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005).

In the case *sub judice*, plaintiffs submit that there was no "objectively reasonable basis" for the defendants to remove this case where defendants failed to prove the minimal diversity requirement for federal jurisdiction under CAFA, and because both the local controversy and home state exceptions under CAFA apply. *See supra*, Point I. There could not have bee an objectively reasonable basis for removal when defendants are well aware that a super-majority of proposed plaintiffs are citizens of New Jersey, all defendants are citizens of New Jersey, that the bases for plaintiffs' claims took place in New Jersey, and the alleged harm occurred primarily in New Jersey to New Jersey citizens.

13

Accordingly, the Court should award reasonable attorney's fees and costs to plaintiffs, given the lack of an "objectively reasonable basis" for removal.  *Martin*, 546 U.S. 132.

**CONCLUSION**

The Court should remand this case to the Superior Court of New Jersey for the reasons contained in Point I and award counsel fees and costs for the reasons contained in Point II.

<div style="margin-left: 50%;">
Respectfully submitted,<br>
LESLIE A. FARBER, LLC
</div>

<div style="margin-left: 50%;">
s/ Leslie A. Farber
</div>

Dated: October 26, 2012               By:     Leslie A. Farber

15