IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY ELLITHY and all others similarly situated,<br><br>         *Plaintiffs*,<br><br>v.<br><br>HEALTHCARE TRAINING INSTITUTE, INC., a New Jersey for-profit corporation, BASHIR MOHAMMAD, M.D., JOY CROWLEY and JOHN DOE 1 THROUGH X (X being a number as yet unknown, being fictitious persons or corporations whose identities are presently unknown),<br><br>         *Defendants*. | Civil Action No. 2:12-cv-06209-CCC-JAD<br><br>Hon. Claire C. Cecchi<br><br>CIVIL ACTION<br><br>RETURN DATE: December 3, 2012 |

---

### DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE CERTIFICATION OF NANCY ELLITHY

---

                 GACCIONE POMACO P.C.
                  524 Union Avenue
                  P.O. Box 96
                  Belleville, New Jersey 07109
                  Telephone: (973) 759-2807
                  Facsimile: (973) 759-6968

                  HOMERBONNER
                  The Four Seasons Tower
                  1441 Brickell Avenue, Suite 1200
                  Miami, Florida 33131
                  Telephone: (305) 350-5139
                  Telecopier: (305) 372-1443

                  Attorneys for Defendants
                  Healthcare Training Institute, Inc.,
                  Bashir Mohammad, M.D., and Joy Crowley

Joseph A. DeFuria, Esq.
 Peter W. Homer, Esq. (*pro hac vice*)
   Of Counsel and On the Brief

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. ii

SUMMARY .................................................................................. 1

ARGUMENT ................................................................................. 1

    I.    Plaintiff's Certification is Wholly Irrelevant to the Jurisdictional Question She Has Raised ........................................ 1

    II.    Plaintiff's Certification is Inadmissible Opinion Testimony ................ 4

    III.    Plaintiff's Certification is Inadmissible Hearsay ............................. 5

CONCLUSION .............................................................................. 7

## TABLE OF AUTHORITIES
Cases

*Blakey v. Cont'l Airlines*,
No. 93-2194, 1997 WL 1524797 (D.N.J. Sept. 9, 1997) .................................................. 4, 6

*Dicuio v. Brother Int'l. Corp.*,
No. 11-1447, 2011 WL 5557528 (D.N.J. Nov. 15, 2011) ................................................ 2, 3

*McCann v. Newman Irrevocable Trust*,
458 F.3d 281 (3d Cir. 2006) ............................................................................................. 2

*Pittsburgh Press Club v. United States*,
579 F.2d 751 (3d Cir. 1978) ............................................................................................. 7

*Pollard v. Metro. Life Ins. Co.*,
598 F.2d 1284 (3d Cir. 1979) ........................................................................................... 1

*Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*,
485 F.3d 793 (5th Cir. 2007) ............................................................................................ 3

*Randolph v. Collectramatic, Inc.*,
590 F.2d 844 (10th Cir. 1979) ..................................................................................... 4

*Romano v. SLS Residential, Inc.*,
___ F.Supp.2d ___, 2011 WL 2671526 (S.D.N.Y. Jun 22, 2011) .................................... 3

*In re Sprint Nextel Corp.*,
593 F.3d 669 (7th Cir. 2010) ............................................................................................ 3

Statutes and Rules

Fed. R. Evid. 401 ........................................................................................................... 1, 4

Fed. R. Evid. 701 ........................................................................................................ 1, 4, 5

Fed. R. Evid. 802 ............................................................................................................... 1

L. Civ. R. 7.2 ............................................................................................................... 1, 4, 5

Other Authority

C. Wright & V. Gold, *Federal Practice and Procedure; Evidence*, § 6254 (1997) ............ 4

## SUMMARY

Defendants Healthcare Training Institute, Inc. ("HTI"), Bashir Mohammed, M.D., and Joy Crowley (collectively, the "School") submit this brief reply in further support of their Motion to Strike Plaintiff Nancy Ellithy's Certification [D.E. 13].

As a preliminary matter, contrary to Plaintiff's unsupported suggestion that the Federal Rules of Evidence only apply to live testimony in a hearing or trial, the Federal Rules of Evidence also govern the admissibility of documentary evidence in federal diversity cases, such as this one. *See, e.g., Pollard v. Metro. Life Ins. Co.*, 598 F.2d 1284, 1286 (3d Cir. 1979) ("We hold that the Federal Rules of Evidence govern the admissibility of documentary evidence in Federal diversity cases."). And, because Plaintiff's Certification is wholly irrelevant, and offers nothing more than hearsay-laden opinion evidence, it is inadmissible under Federal Rules of Evidence Rules 401, 701, and 802, and under Local Civil Rule 7.2, and must therefore be stricken.

## ARGUMENT

### I. Plaintiff's Certification is Wholly Irrelevant to the Jurisdictional Question She Has Raised

Plaintiff's argument as to why her Certification is purportedly relevant is meritless. In short, Plaintiff argues that her Certification should not be stricken because Plaintiff is supposedly "aware, through frequent interaction and conversations, that a majority of her fellow students resided in New Jersey" and that "this fact tends to make a class member's current residence in New Jersey...more probable." *See* Plaintiff's Brief in Opposition to Defendants' Motion to Strike Certification of Nancy Ellithy [D.E. 17] ("Opp."), at p.3. As a threshold matter, this is a complete distortion of what Plaintiff actually attests to in her Certification.

1

Plaintiff's Certification does not present any <u>factual</u> evidence that a simple "majority" of her fellow students used to reside in New Jersey. Rather, as stated in her Certification, Plaintiff <u>deduces</u>, based on an indeterminate number of "general conversations" she supposedly had with unidentified individuals, that virtually all of her classmates (more than 95%), were supposedly residents or citizens of New Jersey at the time she attended the School. *See* Cert., ¶ 4. ("I estimate that more than ninety five percent (95%) of my fellow students at the time resided in or were citizens of New Jersey"). This is not an assertion of fact based on personal knowledge, but is instead a bald and unsubstantiated opinion as to the past residency of these individuals.

But, in any event, Plaintiff's theory that where these students allegedly <u>used to reside years ago</u> somehow "tends to show" where they are <u>citizens now</u> is a completely invented leap that this Court should reject. First, this theory distorts the difference between residency and citizenship. They are not the same, and where an individual happens to maintain his or her home of residence is only one factor in determining citizenship:

> Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning. In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration … An individual can change domicile instantly.

*McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Moreover, just because Plaintiff is supposedly aware of where an individual resided a few years ago does not render that individual a citizen of that State several years later.[1] Indeed, this assumption was explicitly rejected by this Court in *Dicuio v. Brother Int'l Corp.*, No. 2011 WL 5557528, *5:

---

[1] Nor would HTI's records reflecting students' address at the time of enrollment be illustrative of present citizenship, particularly when the student graduated or dropped years ago. *See Dicuio v. Brother Int'l Corp.*, No.

2

New York, Pennsylvania and Delaware residents often travel through and commute to New Jersey, purchasing goods along their travels. I see no basis for presuming that two-thirds of those who purchase goods in New Jersey are New Jersey citizens. Moreover, because the proposed class includes all purchasers since 2005, those who were New Jersey residents several years ago in 2005, 2006 and 2007, may have since relocated and become citizens of other states. *See Romano v. SLS Residential, Inc.*, —— F.Supp.2d ——, 2011 WL 2671526, *4 (S.D.N.Y. Jun 22, 2011) (distinguishing *Mattera* where class was comprised of residents of psychiatric facility from 2004 through 2006 and, at the time the complaint was filed "more than four years ha[d] passed").

Similarly, Plaintiff also needs this Court to take not one but several leaps in order to stretch her Certification as being relevant to the <u>entire putative class</u>. First, she is asking the Court to assume that the information she obtained through "general conversations" years ago is accurate (which runs afoul of separate hearsay issues); then, the Court must assume that the undefined number of classmates Plaintiff allegedly spoke with is representative of the entire putative class; next, she is asking the Court to assume that where she was told her classmates <u>resided</u> was also their place of <u>citizenship</u>; and finally, she is asking the Court to assume that her classmates <u>and</u> the rest of the putative class members have <u>all</u> remained in the State of New Jersey for the past several years. However, these types of assumptions have already been rejected by this Court and others, and do not meet <u>Plaintiff's burden</u> of demonstrating, by a preponderance of the evidence, that one of the CAFA exceptions applies. *See, e.g., Dicuio*, 2011 WL 5557528, *5 ("I see no basis for presuming that two-thirds of those who purchase goods in New Jersey are New Jersey citizens"); *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) ("we agree with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses"); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir.

---

11-1447 (FLW), 2011 WL 5557528, *5 (D.N.J. Nov. 15, 2011) ("those who were New Jersey residents several years ago in 2005, 2006 and 2007, may have since relocated and become citizens of other states").

2007) (holding that billing addresses appearing on medical records of class members were insufficient to establish 2/3 citizenship requirement of local controversy exception).

Consequently, because Plaintiff's Certification in no way helps satisfy her burden of demonstrating that, as of the date of the filing of the Complaint, at least 2/3 of the entire putative class were citizens of the State of New Jersey, the Certification is irrelevant and inadmissible under Fed. R. Evid. 401, and should therefore be stricken.

## II. Plaintiff's Certification is Inadmissible Opinion Testimony

Although Plaintiff attempts to classify her Certification as being based on her "personal perception," her Certification itself indicates that it is actually based on out-of-court hearsay statements (purported conversations she had with an indefinite number of her unnamed classmates) and purely speculative opinion (Plaintiff's statistical conclusion, based on hearsay conversations, that more than 95% of her classmates resided in New Jersey). Therefore, because Plaintiff's Certification is not based on her personal knowledge, it should be stricken under both Rule 701 of the Federal Rules of Evidence and Local Rule 7.2.

The testimony of a lay witness is only admissible if "predicated upon concrete facts within their own observation and recollection that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847-48 (10th Cir. 1979). "By restricting lay opinions to those based on the perception of the witness, the implication of Rule 701 is that lay opinion <u>may not be based on hearsay</u>." *Blakey v. Cont'l Airlines*, No. 93-2194, 1997 WL 1524797 (D.N.J. Sept. 9, 1997) (emphasis added); citing C. Wright & V. Gold, *Federal Practice and Procedure; Evidence,* § 6254 (1997). Plaintiff's Certification violates both these basic principles. Paragraph 3 of Plaintiff's Certification demonstrates that her opinion is not based on her

4

"personal perception," but is actually based on out-of-court hearsay being offered for the truth of the matter therein. Ellithy Cert., ¶ 3 ("from general conversations I had with them, I learned that almost all of them lived in New Jersey"). Then, paragraph 4 is her inadmissible conclusion based on the hearsay. *Id.*, ¶ 4 ("I estimate that more than 95% of my fellow students at the time resided in or were citizens of New Jersey').

Therefore, because Plaintiff's Certification is based on hearsay evidence and not her perception, and because it contains her opinion and conclusion derived from such hearsay evidence, it is inadmissible under both Rule 701, and Local Rule 7.2

Plaintiff attempts to avoid Local Rule 7.2 by arguing that her violation of the Rule is somehow mitigated by her accusation that Defendant Joy Crowley's Declaration is similar to Plaintiff's Certification. However, these declarations are not similar. Ms. Crowley, who declared in her Certification that she is the Administrative Coordinator of Admissions for HTI, clearly states in her Certification that her assertions are based on her review of business records (which are themselves a hearsay exception under Federal Rule of Evidence 803(6)). Ex. C to Notice of Remand [D.E. 1], ¶ 4. In contrast, Plaintiff's Certification is allegedly based on classic hearsay (her out-of-court "general conversations" conducted one to three years ago and being offered for the truth of the matter asserted therein), as well as her speculation on what percentage of her classmates were residents of New Jersey. Plaintiff has no actual personal knowledge of all putative class members' residency, or even of the present residency of all of her "fellow students," and therefore her Certification violates Local Rule 7.2 and should be stricken.

### III. Plaintiff's Certification is Inadmissible Hearsay

Plaintiff's Certification must also be stricken, it its entirety, because it consists exclusively of hearsay evidence that does not satisfy any recognized exception. Plaintiff argues

that this is not true because, while the School objected to the fact that the Certification was based on "general conversations" made out-of-court that Plaintiff offered for the truth of the matter asserted, the School did not object to any specific statement. Plaintiff's argument is misguided.

As a threshold matter, if Plaintiff's stated opinion is based on out-of-court statements or even non-verbal communications made by her classmates to Plaintiff regarding where they or other classmates reside, then Plaintiff's assertion that these individuals are residents based on these statements is classic hearsay and must be stricken. *See* Fed. R. Evid. 801(a) (a hearsay "statement" includes "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion"); Fed. R. Evid. 801(c) ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). However, Plaintiff's Certification also constitutes hearsay for another reason. This is because Plaintiff's Certification is nothing more than a summary or distillation of information supposedly gleaned from these out-of-court "general conversations," which Plaintiff then asserts in this matter as a basis to claim that 95% of the putative class members were supposedly at one point residents or citizens of New Jersey. Thus, Plaintiff's Certification is not only hearsay concerning what these individuals supposedly told Plaintiff about their residency, but Plaintiff's entire opinion derived from these conversations is hearsay within hearsay.

These kind of summaries constitute hearsay surveys that are inadmissible unless they fall into a recognized hearsay exception, such as the exception for present sense impression or the exception for a presently existing state of mind, or under the catch-all exception set forth in Federal Rule of Evidence 807 (formerly Fed. R. Evid. 801(c)(24)). *See Blakey*, 1997 WL

1524797, *5-7. Moreover, the burden of proving that the proffered evidence satisfies these hearsay exceptions is on the proponent of the evidence. *Id.* at *6.

Plaintiff does not (because she cannot) provide any evidence or argument in her Brief in Opposition that her touted survey satisfies any of these hearsay exceptions. This is also true for the catch-all exception under Rule 807, because Plaintiff has provided this Court with no evidence that her survey has the requisite "circumstantial guarantees of trustworthiness" mandated by Rule 807(a)(1). The Third Circuit has established the requirements that a survey must meet in order to qualify as trustworthy:

> A proper universe must be examined and a representative sample must be chosen; the persons conducting the survey must be experts; the data must be properly gathered and accurately reported. It is essential that the sample design, the questionnaires and the manner of interviewing meet the standards of objective surveying and statistical techniques. Just as important, the survey must be conducted independently of the attorneys involved in the litigation. The interviewers or sample designers should, of course, be trained, and ideally should be unaware of the purpose of the survey or the litigation.

*Id.* (quoting *Pittsburgh Press Club v. United States*, 579 F.2d 751, 758 (3d Cir. 1978)). Here, Plaintiff does not (because she cannot) demonstrate that any of these factors are satisfied, particularly because she is not an expert or trained to conduct this survey, she offers no evidence that a proper universe or representative sample were chosen for this survey, and she offers nothing to conclude that the data was properly gathered or accurately reported. For these additional reasons, Plaintiff's Certification is inadmissible hearsay and must be stricken.

## CONCLUSION

For the reasons discussed herein, as well as those set forth in the School's Motion to Strike [D.E. 13], defendants Healthcare Technical, Bashir Mohammad, M.D., and Joy Crowley request that the Court strike Plaintiff Nancy Ellithy's Certification in its entirety.

Dated: November 26, 2012

GACCIONE POMACO P.C.
524 Union Avenue
P.O. Box 96
Belleville, New Jersey 07109
Telephone: (973) 759-2807
Facsimile: (973) 759-6968
Attorneys for Defendants
Healthcare Training Institute, Inc.,
Bashir Mohammad, M.D., and Joy Crowley

By: /s/ Joseph A. DeFuria
      JOSEPH A. DeFURIA (5124)

HOMERBONNER
The Four Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5139
Telecopier: (305) 372-1443
Attorneys for Defendants
Healthcare Training Institute, Inc.,
Bashir Mohammad, M.D., and Joy Crowley

By: [signature]
      PETER W. HOMER (*pro hac vice*)

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on November 26, 2012 a true and correct copy of the foregoing was sent via ECF and Lawyers Service upon Leslie A. Farber, Esq., Leslie L. Farber, LLC, 33 Plymouth Street, Suite 204, Montclair, New Jersey 07042; and via email upon Jeffrey J. Antonelli, Esq., Law Office of Jeffrey J. Antonelli, Ltd., 30 North LaSalle Street, Suite 3400, Chicago, Illinois 60602.

/s/ Joseph A. DeFuria
JOSEPH A. DeFURIA (5124)