NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY ELLITHY and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHCARE TRAINING INSTITUTE, INC., a New Jersey for-profit corporation, BASHIR MOHAMMAD, M.D., JOY CROWLEY and JOHN DOE 1 THROUGH X (X being a number as yet unknown, being fictitious persons or corporations whose identities are currently unknown),<br><br>Defendants. | Civil Action No. 2:12-cv-06209 (CCC)(JAD)<br><br>**OPINION AND REPORT AND RECOMMENDATION** |

This matter comes before the Court upon motion (ECF No. 8) by plaintiffs Nancy Ellithy ("Ellithy") and all others similarly situated ("Plaintiffs") to remand this case to the Superior Court of New Jersey, Law Division, Union County pursuant to 28 U.S.C. §1447.[1] The Court held oral argument on the Motion on January 11, 2013. After carefully considering the submissions of the parties, and based upon the following, it is the recommendation of this Court that Plaintiffs' motion to remand be **DENIED**.

---

[1] Defendants also filed a motion to strike the certification of Nancy Ellithy (the "Ellithy Certification") that was submitted in support of Plaintiff's Motion to Remand. The Court finds that the Ellithy Certification is flawed in two respects. First, Ellithy's statements, if they are offered for their truth, are premised upon inadmissible hearsay testimony. Second, if these statements are not offered for their truth, but rather identify conversations that "allowed [Ellithy] to learn about the facts upon which she based her own statements" (Br. Opp. Mot. Strike 4, ECF No. 19), they are improper insomuch as they are not based on her personal knowledge and irrelevant insomuch as they do not establish citizenship of putative class members at the time the Complaint was filed. However, even considering the facts set forth in the Ellithy Certification, the Court has decided that such facts do not sustain Plaintiffs' burden of establishing that a CAFA Exception (as defined below) applies. Accordingly, the motion to strike (ECF No. 13) is **denied** as moot.

1

I.   **BACKGROUND.**

This action involves allegations that defendants Healthcare Training Institute, Inc. ("HTI"), Bashir Mohammad, M.D., and Joy Crowley (collectively, "Defendants") fraudulently sold Plaintiffs educational programs of study based on the false premise that, upon graduation from the program, Plaintiffs would be qualified as certified technicians in the field of Diagnostic Medical Sonography; however, in reality, Plaintiffs would not be so qualified because the program was not adequately certified and failed to contain sufficient clinical hours. (Br. Supp. Mot. Remand 2, ECF No. 8-1).

A.   Removal from State Court.

Plaintiff filed the original class action complaint (the "Complaint") on or about August 20, 2012, in the Superior Court of New Jersey, Law Division, Union County. (Notice of Removal, Ex. A, ECF No. 1). The Complaint alleged various state law causes of action, including violations of the New Jersey Consumer Fraud Act, common law fraud, breach of contract and unjust enrichment.

On October 3, 2012, Defendants filed a notice of removal (the "Notice of Removal"), and based federal jurisdiction on diversity pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act, 28 U.S.C. § 1453 ("CAFA"). The Notice of Removal alleged that CAFA's minimal diversity requirement was met because the proposed class consisted of all "students who . . . attended HTI's courses conducted in New Jersey and who graduated or expected to graduate from HTI in the years 2009 - 2011." (Id. at ¶ 12). According to Defendants, all of which are residents of New Jersey, HTI is aware of individual members of the proposed class who are citizens and/or residents of other states, including North Carolina, Virginia, Pennsylvania and

New York. Thus, Defendants argued minimal diversity existed. The case was removed to this Court.

Thereafter, Plaintiff moved to remand arguing that Defendants did not sustain their burden of establishing CAFA jurisdiction. Plaintiffs argued that Defendants relied on "speculation and assumptions" concerning the citizenship of potential plaintiffs, and did not establish that any such plaintiff was not a citizen of New Jersey. In addition, Plaintiffs argued that even if this Court finds that Defendants' demonstrated minimal diversity, CAFA nevertheless requires a district court to decline jurisdiction over a proposed class action if either of two exceptions apply, namely (i) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A) (the "Local Controversy Exception"); and/or (ii) the home state exception, § 1332 (d)(4)(B) (the "Home State Exception") (together, the CAFA Exceptions").[2] According to Plaintiffs, the Complaint "specifically limits the class to students who are residents of New Jersey[3] and, therefore, the CAFA Exceptions apply. (Br. Supp. Mot. Remand 3, ECF No. 8-1). Defendants, however, countered that once they met their burden of establishing minimal diversity, the burden shifted to Plaintiffs to prove, by a preponderance of the evidence, that either of the CAFA Exceptions apply. (Opp. Br. 4, ECF No. 16).

   B. <u>Jurisdictional Discovery Establishing that Two-Thirds of the Putative Class are Citizens of New Jersey.</u>

In their opposition to the Motion to Remand, Defendants argued that the CAFA Exceptions do not apply because Plaintiffs failed to prove that two-thirds of the putative class

---

[2] In the alternative, Plaintiffs' argued that even if the Court determines that neither of the CAFA Exceptions apply, it should nevertheless exercise its discretion to decline to exercise jurisdiction because the instant action "uniquely affects" New Jersey, which is a third exception to CAFA jurisdiction. The Court declines to exercise such jurisdiction based on Plaintiffs' failure to meet their burden of establishing that one to two-thirds of the putative class are citizens of New Jersey, as is discussed more fully in the following paragraphs.

[3] Defendants disagreed that the Complaint specifically limits the putative class to "residents of New Jersey." (Opp. Br. 3-4, ECF No. 16).

members are citizens of New Jersey. (Opp. Br. 4, ECF No. 16). According to Defendants, a class members' citizenship for purposes of diversity jurisdiction is determined as of the date of the filing of the complaint – <u>not</u> their citizenship at the time they attended HTI. (<u>Id.</u> at 5). Defendants argued that the evidence produced by Plaintiffs, namely the Certification of Ellithy, failed to establish the two-thirds requirement because it did not address the citizenship of any putative class members as of the date the Complaint was filed. (<u>Id.</u>).

In response, Plaintiffs argued that if there is any doubt as to whether the proofs they submitted justify remand, the Court should afford them the opportunity to take limited jurisdictional discovery. (Br. Supp. Mot. Remand 11-12, ECF No 8-1). The Court permitted such limited jurisdictional discovery following the hearing held on January 11, 2013, and ordered the parties to submit additional briefing regarding whether the discovery obtained yielded information relevant to establishing the citizenship of the purported class for purposes of the Motion to Remand. (Text Order, ECF No. 29).

On February 19, 2013, pursuant to the Court's directive during the January 11th hearing, Defendants submitted a "Status Report" that detailed the type of enrollment information completed by HTI students and maintained by HTI. (Status Report, ECF No. 27). The purpose of the Status Report was to assist the parties and the Court in determining the current residence of purported class members. Examples of the type of enrollment information contained in the Status Report are the prospective students' mailing address, phone number, emergency contact information, employer information, and high school attended. (<u>Id.</u>).

In their supplemental briefing, Defendants argued that the enrollment information detailed in the Status Report is irrelevant to establishing the citizenship of putative class members for two reasons: (1) at most, the information HTI maintained is indicative of the

students' residence, which is not the same as citizenship; and (2) even if HTI had collected the students' citizenship information, this data is not indicative of the students' citizenship as of the date of filing the Complaint because it was collected at the time the students first enrolled, which occurred up to five years before the filing of the Complaint. (Defs.' Supp. Br. 1, ECF No. 30). Plaintiffs, however, argued the information is relevant to establishing the putative class members' current citizenship because "it tends to make the citizenship of each putative class member more or less likely." (Pls.' Supp. Br. 2, ECF No. 31). In essence, Plaintiffs' argument is that the Court should consider the students' residence at the time of enrollment as indicative of their current citizenship.

Thus, the issue before this Court is whether Plaintiffs met their burden of establishing, by a preponderance of the evidence, that any of the CAFA Exceptions apply. The Court finds that Plaintiffs failed to meet their burden and, therefore, recommends that Plaintiffs' motion for remand be denied.

## II. LEGAL STANDARD.

### A. CAFA Jurisdictional Requirements.

Remand to state court is proper if the District Court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. §1447(c). CAFA provides federal district courts with "original jurisdiction" over putative class actions if: (a) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; (b) the proposed class contains more than 100 members; and (c) minimal diversity exists, meaning that any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), 5(B). The removing party bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court. Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006).

Within CAFA, there are two exceptions that direct district courts to decline jurisdiction in favor of the appropriate state court, namely the Local Controversy Exception, § 1332(d)(4)(A) and the Home State Exception, § 1332 (d)(4)(B). See Dicuio v. Brother Int'l Corp., Civ. A. No. 11-1447 (FLW), 2011 WL 5557528, *1 (D.N.J. Nov. 15, 2011).

The Home State Exception provides that a district court must decline to exercise jurisdiction where "two thirds or more of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). If a class action meets these requirements, a district court must remand the case back to the state court where it was originally filed. Dicuio v. Brother Int'l Corp., 2011 WL 5557528 at *2. Importantly, the party seeking to remand the suit back to state court bears the burden of meeting the home state exception requirements. Id. (citing Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 153 (3d Cir. 2009), Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 680–81 (7th Cir. 2006); Frazier v. Pioneer Ams. LLC, 455 F.3d 542, 546 (5th Cir. 2006); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1165 (11th Cir. 2006)).

Similarly, the Local Controversy Exception also requires a two-thirds showing, providing that a district court must remand when more than two-thirds of the proposed class are citizens of the state in which the action was originally filed.[4] Id. Again, the party seeking removal bears the burden of demonstrating citizenship. Id. (citing Kaufman, 561 F.3d at 153).

---

[4] The Local Controversy Exception, 28 U.S.C.A. § 1332(d)(4)(B), provides:
   (4) A district court shall decline to exercise jurisdiction under paragraph (2)--
      (A)(i) over a class action in which--
         (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
         (II) at least 1 defendant is a defendant--
            (aa) from whom significant relief is sought by members of the plaintiff class;
            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

### III. **DISCUSSION.**

As a primary matter, this Court finds that Defendants properly removed this action pursuant to CAFA. The parties did not dispute that Defendants adequately alleged the amount in controversy exceeds $5 million, or that that proposed class contains more than 100 members. With respect to the final element, the Court finds that Defendants satisfied their burden of establishing minimal diversity. CAFA requires a showing of minimal diversity in order to remove a matter to federal court, meaning that Defendants were required to show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The parties agreed that Defendants are all citizens of New Jersey; thus, Defendants needed to show that any putative class member is a citizen of a different State in order to remove. Defendants satisfied this burden by submitting a sworn declaration of Joy Crowley ("Crowley Declaration"), which declared that HTI's records reveal that "at least one former student of the School who falls within the [putative class] does not reside in and is not a citizen of New Jersey." (Notice of Removal, Ex. C, Crowley Decl. ¶ 4, ECF No. 1). The Crowley Declaration further averred that HTI's records show that former students, who are potential members of the putative class, reside in North Carolina, Virginia, Pennsylvania and New York." (Id.).

Thus, the issue before this Court is whether either of the CAFA Exceptions apply.

---

(cc) who is a citizen of the State in which the action was originally filed; and
   (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
   (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

7

A. The CAFA Exceptions.

It is Plaintiffs' burden under the CAFA Exceptions to prove that at least two-thirds of the putative class members are citizens of New Jersey. Dicuio, 2011 WL 5557528 at *2; Kaufman, 561 F.3d at 153. To sustain this burden, Plaintiffs submitted the Ellithy Certification, which declares that, while Ellithy attended HIT, she "learned that almost all of her fellow students lived in New Jersey." (Farber Cert., Ex. D, Ellithy Cert. ¶ 3, ECF No. 8-3). However, Ellithy expressly stated that she learned this information from "general conversations," and not through a formal survey of the residency or citizenship of her fellow students. (Id.). Ellithy also estimated that, at the time she attended HTI, more than ninety-five percent of her fellow students resided in New Jersey. (Id. at ¶ 5).

The flaw in Plaintiffs proofs is twofold. First, the certifications made by Ellithy are explicitly limited to her informal understanding of the residency of HTI students at the time Ellithy attended HTI, not at the time Plaintiffs filed the Complaint. See 28 U.S.C. 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint . . . ."); see also Kaufman, 561 F.3d at 152 ("It is true that under a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed.").

Second, even if this Court were to accept the Ellithy Certification as relevant to establishing residency of her classmates, residency is not the same as citizenship for purposes of diversity jurisdiction. A party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile. McCann v Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). Plaintiffs concede that the information submitted in the Ellithy Certification, as well as the information identified in the Status Report, is relevant to establishing the residency of

members of the putative class, not domicile. However, they argue that this Court should "consider residence at the time of enrollment as indicative of domicile." (Pls.' Supp. Br. 3, ECF No. 31). Even if the Court were to do so, it is another analytical jump to determine that evidence of a student's residence nearly five years ago is indicative of his or her citizenship at the time of the filing of the Complaint. Plaintiffs asked this Court to make the "common sense" assumption that if a student was domiciled in New Jersey at the time of enrollment, that student should be presumed to remain domiciled in New Jersey until evidence of a change in domicile is presented. (Id.). Yet, it is at least equally reasonable to assume that not every student that resided in New Jersey remained domiciled here at the time Plaintiffs filed the Complaint. It is Plaintiffs burden to establish citizenship by a preponderance of the evidence, not by compounded assumptions.

Moreover, Plaintiffs did not limit the putative class to students who are current residents and/or citizens of New Jersey. The plain language of the Complaint defines the class as "students who paid for, received financial aid for, and/or took out loans and attended HTI's courses conducted in New Jersey and who graduated and/or expected to graduate from HTI in the years 2009 – 2011 [hereinafter, "Students"] . . . The Students entered into enrollment agreements with HTI within the State of New Jersey and were residents of New Jersey" (Compl. ¶ 8, ECF No. 1). This is not the same as limiting the class to current residents of a state, which courts have deemed permissible under CAFA. See Dicuio, 2011 WL 5557528 at *2 (citing In re Sprint Nextel Corp., 593 F.3d 669 (7th Cir. 2010)).

The jurisdictional discovery permitted by the Court does not change its decision that Plaintiffs failed to meet their burden of establishing that either of the CAFA Exceptions apply. Again, the problem with Plaintiffs' argument that the Status Report yields relevant information to establish the two-third citizenship requirement is that the information maintained by the

school is indicative of residency at the time of enrollment, not citizenship at the time the Complaint was filed. The Court declines to make the "common sense" assumptions of residency urged by Plaintiffs based on the available enrollment information. Not only have courts cautioned against drawing conclusions regarding the citizenship of class members based on information such as phone numbers and mailing addresses, see In re Sprint Nextel Corp., 593 F.3d 669 (7th Cir. 2010), Preseton v. Tenet Healthsystem Memorial Med. Ctr., Inc., 485 F.3d 793, 798 (5th Cir. 2007), but this case presents the additional concern that the information is not reflective of current citizenship.

The Court finds that Plaintiffs failed to satisfy their burden of establishing that either of the CAFA Exceptions apply. As such, it is this Court's recommendation that Plaintiffs' motion to remand be denied.

### IV. CONCLUSION.

For the foregoing reasons, it is the recommendation of this Court that Plaintiffs' motion to remand (ECF No. 8) be **denied**.

In addition, Defendants' motion to strike the Ellithy Certification (ECF No. 13) is **denied** as moot. An accompanying Order shall be executed by the Court.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.