# HOMER BONNER JACOBS

1200 FOUR SEASONS TOWER
1441 BRICKELL AVENUE
MIAMI FLORIDA 33131

MARIA A. ACEVEDO *
YANIV ADAR *
RAYDA ALEMAN
GEORGE BEFELER
LUIS E. DELGADO
HOWARD S. GOLDFARB
PETER W. HOMER **
KEVIN P. JACOBS
PRISCILLA JIMENEZ
CHRISTOPHER J. KING
ADAM L. SCHWARTZ *
GREGORY J. TRASK ***
ANDREW VITALI, III ***

R. LAWRENCE BONNER
(1956 – 2007)

PHONE: (305) 350-5100
FAX: (305) 372-2738
EMAIL: info@homerbonner.com
WEBSITE: www.homerbonner.com

\*    Also licensed in New York
\*\*   Also licensed in Maryland
\*\*\*  Also licensed in District of Columbia

October 30, 2014

SENDER'S DIRECT PHONE: (305) 350-5139
SENDER'S DIRECT FAX: (305) 982-0063
SENDER'S DIRECT EMAIL:  phomer@homerbonner.com

**Via ECF Filing**
Hon. Mark Falk
United States District Court
  for the District of New Jersey
1 Federal Square, Room 457
Newark, New Jersey 07101

Re:   *Nancy Ellithy v. Healthcare Training Institute, Inc., et al.*,
       Civil Action No. 2:12-cv-06209-CCC-JAD

Dear Magistrate-Judge Falk:

The undersigned, along with local counsel Joseph DeFuria of Gaccione Pomaco, PC, represent defendants Healthcare Training Institute, Inc. (the "School"), Bashir Mohammad, M.D., and Joy Crowley (collectively "Defendants") in the above-referenced case. The following is submitted pursuant to your instructions during the parties' last status conference, held on October 16, 2014.

## Background and Summary

This case was properly removed by Defendants under CAFA. Plaintiff, desperately seeking to remand the case to state court, argues that the putative class meets one of CAFA's exceptions, but has failed to meet her burden of proof. On June 21, 2013, after extensive briefing, oral argument, and an opportunity for Plaintiff to discover the types of records the School maintains, Magistrate Judge Joseph A Dickson entered his Opinion and Report and Recommendation that Plaintiff's motion to remand be denied. *See* D.E. 33, attached hereto as Ex. A. Plaintiff submitted a narrow objection to the Report and Recommendation, maintaining that she should be afforded limited discovery to determine "whether or not these persons are domiciled in New Jersey." *See* D.E. 35. In response, on February 26, 2014, Judge Claire C.

Hon. Mark Falk, U.S.M.J.
October 30, 2014
Page 2

Cecchi entered an order permitting Plaintiff to take severely limited jurisdictional discovery, for the sole purpose of "determining the citizenship of the putative class members, based on the allegations in the original complaint." [D.E. 57]. Over four months later, Plaintiff propounded her supposedly limited requests for production and interrogatories. See Ex. B and C hereto. Defendants timely submitted their responses and objections to the requests. See Ex. D and E hereto.

On September 30 and October 16, 2014, the Court held status conferences to discuss the parties' progress in conducting jurisdictional discovery. During the first conference, Plaintiff's counsel indicated for the first time that she took issue with Defendants' objections. Since then, the parties have conferred multiple times in an attempt to amicably resolve the discovery dispute. Although the undersigned has made multiple proposals and suggestions to Plaintiff's counsel that would resolve the discovery dispute, all have been rejected.

Much of Plaintiff's requests are clearly irrelevant, not in compliance with the limitations imposed by Judge Cecchi's Order, and meant to harass the School. For example, Plaintiff seeks information and documents regarding any lawsuit filed against the School in New Jersey regardless of the nature or age of the lawsuit (see Ex. B, Req. 1; Ex. C, Interr. 4); and information about the tuition and fees charged and paid by each student, and grants and scholarships received (see Ex. B, Req. 4; Ex. C, Interr. 9). In apparent recognition that this information is beyond the scope of Judge Cecchi's Order, Plaintiff's counsel has apparently settled for what she considers "directory information," including each student's first name, initial of last name, last four digits of his/her social security number, student identification number, and dates of attendance. See Ex. B, Req. 2; Ex. C, Interr. 8.

However, this information is wholly irrelevant to the jurisdictional question at issue and is also protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). See Ex. D and E. Because of strict FERPA protection laws, Plaintiff bears a "significantly heavy burden" in establishing the relevance of the protected information she seeks and must further establish a genuine need for such information. See, e.g., Zaal v. State, 602 A.2d 1247, 1256 (Md. 1992) (FERPA "places a significantly heavy burden on the party seeking access to student records"); see also Alig-Mielcarek v. Jackson, 286 F.R.D. 521, 526 (N.D. Ga. 2012) ("when addressing objections to the disclosure of educational records, courts have permitted discovery only when the party requesting the records has met a 'significantly heavier burden' to show that its interests in obtaining the records outweighs the significant privacy interest of the students"); Ragusa v. Malverne Union Free Sch. Dist., 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) ("before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students"); Rios v. Read, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) ("a party seeking disclosure of education records protected by FERPA bears 'a significantly heavier burden ... to justify disclosure than exists with respect to discovery of other kinds of information, such as business records'"). Plaintiff has not and cannot meet this burden, and so Defendants' objections to the discovery requests should be sustained.

Hon. Mark Falk, U.S.M.J.
October 30, 2014
Page 3

I. **The information Plaintiff seeks is irrelevant**

Pursuant to Judge Cecchi's Order, Plaintiff is only permitted to obtain discovery relating to the specific jurisdictional question at issue—the citizenship of the putative class, as defined in the Complaint. As Defendants have previously briefed at length, the citizenship of the putative class members at the time they attended the School is completely irrelevant. Instead, the issue is the citizenship of the putative class members at the time the Complaint was filed. *See e.g.* 28 U.S.C. § 1332(d)(7); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) ("under a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed").

Of all the extensive information and documents sought by Plaintiff, the only information that could potentially be relevant to the jurisdictional question is the State of each putative class member's address. Consequently, the School offered to provide Plaintiff with statistical information on the number of New Jersey addresses versus out-of-state addresses for the putative class. The undersigned has also already represented to opposing counsel and to the Court that the overwhelming majority of these will be New Jersey addresses because students are not required to update their address, and few do. Plaintiff's counsel declined this offer.

II. **Non-Plaintiff student information is protected from disclosure under FERPA**

Even if information regarding the students' dated addresses had any relevance to the jurisdictional question at issue (which it does not), FERPA laws prohibit the School from releasing personally identifiable information about its students without their consent. *See Owasso Indep. Sch. Dist. v. Falvo*, 534 U.S. 426, 428 (2002) ("Under FERPA, schools and educational agencies receiving federal financial assistance *must* comply with certain conditions." (emphasis added)); *U.S. v. Miami Univ.*, 294 F.3d 797, 809 (6th Cir. 2002) ("Once the conditions and the funds are accepted, the school is indeed prohibited from systematically releasing education records without consent.").

FERPA and its regulations establish several requirements for higher education institutions, such as the School. These requirements include, but are not necessarily limited, to: (1) protecting students' rights to privacy by limiting the disclosure of educational records to others (34 C.F.R. §§ 99.30-99.37); and (2) providing students and the federal government with certain recourse when an educational institution has violated FERPA or its regulations (34 C.F.R. §§ 99.60-99.67). Higher education institutions risk the loss of access to federal financial aid should they disregard FERPA and release personally identifiable education records without the consent of the student. 20 U.S.C. § 1232g(b).

As explained by the United States Supreme Court in *Gonzaga Univ. v. Doe*, 536 U.S. 273, 278-79 (2002), FERPA was enacted under Congress' spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records. FERPA directs the Secretary of Education to withhold federal funds from any public or private educational agency or institution that fails to comply with these conditions. The documents and information sought here are squarely protected by FERPA. FERPA

"represents a strong stand in favor of privacy and was enacted to provide broad limitations on third-party access in order to protect students' privacy rights." *Rathie v. Ne. Wisconsin Technical Inst.*, 419 N.W.2d 296, 300 (Wis. Ct. App. 1987).

Plaintiff argues that FERPA permits discovery of "directory information," however, this is an oversimplification of the statute. "Directory information" is only discoverable by *certain* parties under *certain* conditions. The regulations afford educational institutions the right to designate what information will be deemed "directory information." 45 C.F.R. § 99.37.

FERPA provides that educational institutions like the School may only disclose student "directory information" if they give public notice to students of: (1) the types of personally identifiable information that it has designated as directory information; (2) the student's right to refuse to allow the Defendants to designate such information as directory information; and (3) the period of time within which the student must notify the school that he or she does not want the information designated as directory information. 20 U.S.C. § 1232g(a)(5)(B); 34 C.F.R. § 99.37. Section 1232g(a)(5)(A) of the statute defines "directory information" as including, among other things, the student's name, address, telephone listing, major field of study, dates of attendance, and degrees and awards received.

The School has not designated any information as "directory information" with regard to its students. As a result, that information is not public and no student at the School has either been notified that the School intended to release that information or authorized the release of that information. When a school does not designate any information as "directory information," courts have held that the school's student records do not contain such "directory information;" rather, these records are deemed to contain only protected "personally identifiable information" that cannot be disclosed without written consent from the student. *See Rathie v. Ne. Wis. Tech. Inst.*, 419 N.W.2d 296, 300 (Wis. Ct. App. 1987); *Krauss v. Nassau Cmty. Coll.*, 469 N.Y.S.2d 553, 555 (N.Y. Sup. Ct. 1983) (holding that school could properly refuse to disclose requested information because it had not designated any information as "directory information"). No School student has consented to the disclosure of their personal information to Plaintiff. Without such consent, a student's "personally identifiable information" is entitled to protection, and a unilateral disclosure by the School could unjustifiably violate FERPA and subject the School to harsh consequences, including loss of access to federal financial aid. *See, e.g.*, *Heily v. U.S. Dep't of Commerce*, 69 Fed. App'x 171, 174-75 (4th Cir. 2003) (affirming protective order preventing deposition regarding subjects protected from disclosure by statute).

Apart from a student's "personally identifiable information," Defendants also are prohibited from producing other "education records" without the written consent of each student. Accordingly, to the extent Plaintiff seeks non-Plaintiff student education records (such as enrollment agreements, and financial records), which are defined in Section 1232g(a)(4)(A) as "those records, files, documents, and other materials which -- (i) contain information directly related to the student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution," such production is also barred by FERPA. *See* 20 U.S.C. § 1232g(b)(1); *Miami Univ.*, 294 F.3d at 809. Because Defendants do not have consent

Hon. Mark Falk, U.S.M.J.
October 30, 2014
Page 5

from those students to disclose their confidential education records, Defendants are prohibited by FERPA from producing any education records regarding students other than Plaintiff.

During discussions with Plaintiff's counsel, she has argued that the putative class members' "directory information" is not protected by FERPA because they are no longer students but rather former students. Essentially, Plaintiff argues that because the students have graduated or withdrawn from the School, the School no longer needs to protect their confidential information. This argument is nonsensical. FERPA protects the education records of all "students." Section 1232g(a)(6) defines "student" to include "any person with respect to whom an educational agency or institution maintains education records or personally identifiable information." Because the School maintains records of its graduates and dropped students, as it is legally required to do, they are all "students" under FERPA. Plaintiff's misinterpretation of the FERPA statute stems from 34 CFR 99.37(b), which allows schools to "disclose directory information about former students without [again] complying with the notice and opt out conditions in paragraph (a) of this section…" But the next sentence in this regulation illustrates that this provision presupposes that the school has already provided the former students notice of the directory information while they were enrolled as students: "However, the agency or institution must continue to honor any valid request to opt out of the disclosure of directory information made while a student was in attendance unless the student rescinds the opt out request."

In the attached Opinion Letter from the Office of the Attorney General, State of Texas, a Texas school district was asked to produce the "names, dates of birth, and addresses of current and former students." *See* Mr. Gilbert Vasquez, Tex. Atty. Gen. Op. OR2003-5167, 2003 WL 21800781, *3 (July 28, 2003) (emphasis added), attached hereto as Ex. F. The Texas Assistant Attorney General specifically cited 34 CFR 99.37 and determined that:

> …if the District has designated the requested information as directory information, then the District must release the information after complying with federal notice requirements for release of directory information…[but if] the District has not designated the requested information as directory information, then the District must withhold the information under …FERPA.

*Id*. (Emphasis added). Notably, the Texas Assistant Attorney General did not instruct the school district to simply release the directory information of the former students, regardless of whether the district had designated that information as directory information. Instead, they could only release the information if the district had designated the information as directory information. Similarly, because the School has not designated any directory information, the putative class members' information is protected by FERPA and the School cannot provide it to Plaintiff without the students' consent.

The School cannot and does not take its FERPA obligations lightly. If a school discloses personal student information in violation of FERPA, the Department of Education ("DOE") has the right to cut off the school's eligibility to participate in crucial government financial aid programs. *See* 20 U.S.C. § 1232g(f); *Owasso Indep. Sch. Dist. v. Falvo*, 534 U.S. at 428-29.

Hon. Mark Falk, U.S.M.J.
October 30, 2014
Page 6

Thus, to the extent education records (or personally identifiable information therein) of other students at the School have any probative value in this case (and they do not), that value is greatly outweighed by these students' privacy interests, which are protected by FERPA and by the School's existing relationship with the DOE.

    For these reasons, Defendants ask that you sustain their objections to Plaintiff's discovery requests. Thank you for your continued attention to this matter.

                                             Respectfully submitted,

                                             Peter W. Homer (*pro hac vice*)
                                             E-mail: phomer@homerbonner.com

cc:    Joseph DeFuria, Esq. (via ECF and e-mail)
       Leslie A. Farber, Esq. (via ECF and e-mail)
       Jeffrey J. Antonelli, Esq. (via ECF and e-mail)