# LESLIE A. FARBER, LLC
### ATTORNEYS AT LAW

ACADEMY SQUARE
33 PLYMOUTH STREET, SUITE 204
MONTCLAIR, NEW JERSEY 07042-2607
973.509.8500  x 213
973.860.1174 (fax)
―――――
E-mail:  LFarber@LFarberLaw.com
Web page:  www.LFarberLaw.com

October 31, 2014

*via ECF*

Hon. Mark Falk, U.S.M.J.
United States District Court - District of New Jersey
50 Walnut Street
Newark, NJ 07102

> Re:  **Nancy Ellithy, and all others similarly situated, v. Healthcare Training Institute, Inc., et al**
> **Civil Action No. 2:12-cv-06209**

Dear Judge Falk:

Our apologies to the Court and opposing counsel for the lateness of this submission, which was due yesterday.  The lateness is due a mis-calendaring on my part (thinking it was due today), which I did not realize until we received the ECF notice last evening that defendants had filed their submission.  However, we have not read defendants' submission before plaintiff's submission was filed.

The issue before the Court is defendants' responses (or lack thereof) to plaintiff's narrow discovery requests regarding jurisdictional discovery for the Class Action Fairness Act ("CAFA").  Those requests with defendants' responses are annexed hereto as "Exhibit A."  The crux of the dispute between the parties at this stage is whether defendants can be or should be required to produce certain documents and data regarding the residences of students who attended and who graduated or were expected to graduate from defendants' school during 2009

Hon. Mark Falk, U.S.M.J.
October 31, 2014
Page 2

through 2011.  *See* Exhibit A at Interrogatories 8-9, and Document Requests 2-3.  To insure the

completeness and accuracy of any responses those requests, plaintiffs asked defendants about

their record retention policies, which defendants also refused to provide.  *See* Interrogatory 7.

Interrogatory 4 and Document Request 1 were designed to determine if defendant HTI had been

in other lawsuits in New Jersey where the same issues have arose.  Document Request 4 is

designed to help determine whether the potential monetary claims in this case would even reach

the CAFA minimum.

Defendants have refused to respond to almost all of plaintiffs' discovery requests,

claiming that the Family Educational Rights and Privacy Act ("FERPA"), 20 *U.S.C.* § 1232g, et

seq., prevents them from doing so.  Plaintiffs disagree for the reasons below.

The information sought by plaintiffs is discoverable and directly related to their claims.

While the FERPA regulates access to students' education records, it is not a shield that an

institution can hide behind to prevent the disclosure of information in a lawsuit.  FERPA

includes several exceptions that permit the disclosure of personally identifiable information from

education records without the consent of students.  34 *C.F.R.* § 99.37.  For example, FERPA

permits the general disclosure of "directory information" about *former* and current students.

Directory information "includes, but is not limited to, the student's name; address; telephone

listing; electronic mail address; photograph; date and place of birth; major field of study; grade

level; enrollment status (*e.g.*, undergraduate or graduate, full-time or part-time); dates of

attendance; participation in officially recognized activities and sports; weight and height of

Hon. Mark Falk, U.S.M.J.
October 31, 2014
Page 3

members of athletic teams; degrees, honors, and awards received; and the most recent

educational agency or institution attended.)"  34 *C.F.R.* § 99.

 An educational institution may release directory information for current students if it has

given public notice to students or parents of students and the right to opt out.[1]  34 *C.F.R.*

§ 99.37(a).  However, an educational institution may release directory information about *former*

students without complying with the notice and opt out conditions found in 34 *C.F.R.* § 99.37(a).

Plaintiffs' discovery requests only seeks information about former students.

 Further, courts have consistently held that FERPA "does not create an evidentiary

privilege ... documents covered by FERPA are indeed discoverable in the context of a civil

action."  *Garza v. Scott & White Mem'l Hosp.,* 234 *F.R.D.* 617, 624 (W.D. Tex. Nov. 14, 2005)

(citing *Ellis v. Cleveland Municipal Sch. Dist.*, 309 *F. Supp.2d* 1019, 1023-24 (N.D. Ohio 2004)

(holding that FERPA "does not, by its express terms, prevent discovery of relevant school

records under the Federal Rules of Civil Procedure")); *see also Bauer v. Kincaid,* 759 *F. Supp.*

575, 589 (W.D. Mo. 1991) ("FERPA is not a law which prohibits disclosure of educational

records");  *Rios v. Read,* 73 *F.R.D.* 589, 598 (D.C.N.Y. Jan. 14, 1977) (noting that FERPA did

not intend to create a "school-student privilege analogous to a doctor-patient or attorney-client

privilege).

---

[1] Defense counsel has stated verbally that HTI has not given public notice to HTI students or parents of students about their right to opt out, but plaintiffs have not yet seen this statement in any affidavit or certification.

Hon. Mark Falk, U.S.M.J.
October 31, 2014
Page 4

Education records are "generally not exempt from subpoena." *DeFeo v. McAboy,* 260 *F. Supp.2d* 790, 792 ( E.D. Mo. 2003). In multiple cases involving alleged copyright infringement, copyright holders have successfully been permitted expedited discovery to subpoena electronic student records from colleges to identity the students using specific IP addresses. *See Arista Records LLC v. Does 1-4,* No. 1:07-4107-RDR, 2007 WL 2900210 at *2 (D. Kan. Oct. 1, 2007); *LaFace Records, LLC v. Does 1-5,* No. 2:07-cv-187, 2007 WL 2867351 at *1-2 (W.D. Mich. Sept. 27, 2007).

The information sought by plaintiffs is narrowly tailored to the issues presented by this case. Defendants should not be permitted to trumpet "FERPA" as an excuse to hide documents and information related to the school's own misconduct by claiming they are upholding a privilege attached to education records. The language of the Act and case law in multiple jurisdictions recognize that education records maintained by a school are discoverable. If there are any concerns of misuse of the student information, an appropriate protective order could be entered.

Although defendants have proposed, alternatively, that they mail a sterile letter (without any reference to the caption or case number of this matter or to any litigation) to each of the former students involved at their last known address, seeking that person's consent to reveal their residence address at the time plaintiffs filed their complaint. Defendants are unwilling to include any information in such a letter about this case or whether it involves a lawsuit at all, claiming that it would inspire more former students to sue the school. Plaintiffs could not agree to this arrangement because this method of contact undoubtedly would generate a low response due to

LESLIE A. FARBER, LLC

Hon. Mark Falk, U.S.M.J.
October 31, 2014
Page 5 _____

former students' dissatisfaction with this school and/or due to human nature of either disinterest

or assuming the mailing is junk mail, and because defendants' fears of additional lawsuits are

speculative.

     Accordingly, defendants should be required to provide information and documents sought

in plaintiffs' CAFA jurisdictional interrogatories for all of the foregoing reasons.

                                    Respectfully submitted,
                                    LESLIE A. FARBER, LLC

By:    Leslie A. Farber
       For the Firms

LAF:beg

Encls.

cc:    Peter Homer, Esq. *(via ECF)*
       Joseph DeFuria, Esq.  *(via ECF)*
       Jeffrey Antonelli, Esq.  *(via email)*