# HOMER BONNER JACOBS

1200 FOUR SEASONS TOWER
1441 BRICKELL AVENUE
MIAMI FLORIDA 33131

MARIA A. ACEVEDO *
YANIV ADAR *
RAYDA ALEMAN
GEORGE BEFELER
LUIS E. DELGADO
HOWARD S. GOLDFARB
PETER W. HOMER **
KEVIN P. JACOBS
PRISCILLA JIMENEZ
CHRISTOPHER J. KING
ADAM L. SCHWARTZ *
GREGORY J. TRASK ***
ANDREW VITALI, III ***

R. LAWRENCE BONNER
(1956 – 2007)

November 11, 2014

PHONE: (305) 350-5100
FAX: (305) 372-2738
EMAIL: info@homerbonner.com
WEBSITE: www.homerbonner.com

*     Also licensed in New York
**    Also licensed in Maryland
***   Also licensed in District of Columbia

SENDER'S DIRECT PHONE:  (305) 350-5139
SENDER'S DIRECT FAX: (305) 982-0063
SENDER'S DIRECT EMAIL:  phomer@homerbonner.com

**<u>Via ECF Filing</u>**
Hon. Mark Falk
United States District Court
  for the District of New Jersey
1 Federal Square, Room 457
Newark, New Jersey 07101

      Re:    *Nancy Ellithy v. Healthcare Training Institute, Inc., et al.*,
             Civil Action No. 2:12-cv-06209-CCC-JAD

Dear Magistrate-Judge Falk:

      The following is the School's brief response to Plaintiff's October 31, 2014 letter [D.E. 63] regarding the parties' discovery dispute.

      **I.    The majority of Plaintiff's requests are not even remotely related to the limited, focused discovery that Judge Cecchi's Order contemplated.**

      It is shocking that, even in light of the parties' discussions with the Court during two prior status conferences, and Judge Cecchi's clear Order, that Plaintiff is still claiming that she should be entitled to documents and information that have nothing whatsoever to do with the purpose of the limited discovery permitted by Judge Cecchi—"determining the citizenship of the putative class members." *See* February 16, 2014 Order [D.E. 57].

      For example, Plaintiff admits that "Document Request 4 is designed to help determine whether the potential monetary claims in this case would even reach the CAFA minimum." But this is neither an issue raised in Plaintiff's objection to the Magistrate Judge Dickson's Report and Recommendation nor is it the type of "limited discovery" Judge Cecchi granted Plaintiff leave to conduct. *Id*. Plaintiff has <u>never</u>, in the two years since this case was removed to federal

Hon. Mark Falk, U.S.M.J.
November 11, 2014
Page 2

court, argued that the damages sought may not meet the CAFA minimum amount in controversy. And, even if she had, Document Request 4 is grossly overbroad, essentially including every FERPA-protected document within every student's financial aid file.

Interrogatory 4 and Document Request 1 are further illustrative of both Plaintiff ignoring the plain directive of Judge Cecchi's Order and engaging in burdensome and overreaching discovery. Plaintiff asserts that these discovery requests "were designed to determine if defendant HTI had been in other lawsuits in New Jersey where the same issues have arose." Those requests seek documents and information regarding "any pleadings in any lawsuit" filed against the School in state or Federal court in New Jersey, with no temporal limitation or subject-matter limitation. Plaintiff never even attempts to explain how these requests would in any way assist the Court in determining the very narrow and specific issue of the citizenship of putative class members. These overbroad and burdensome requests serve only one purpose—to harass the School.

Plaintiff also complains that the School objected to Interrogatory 7, which requires the School to "[d]escribe in detail [the School's] retention policies and procedures, that were in place for electronic data, computers, and electronic file servers." This interrogatory is grossly overbroad, and not even remotely limited to the citizenship question at issue. Moreover, the School has already provided Plaintiff with relevant document retention information in the Status Report the School filed over a year and a half ago pursuant to Magistrate Judge Dickson's instructions. *See* Status Report, D.E. 27. In that Report, the School described at length the student records it maintains.

In sum, most of the contested discovery requests are not the "limited, focused discovery" contemplated by Judge Cecchi's Order. *See* D.E. 57. The School's objections are valid, should be sustained and pursuant to Rule 37(a)(5)(B), Fed. R. Civ. P., Plaintiff and her counsel should be assessed the attorney's fees incurred by the School in responding to these discovery requests and opposing the motion to compel directed to these requests.

> II.    **The documents and information Plaintiff seeks are not directory information and are FERPA protected.**

Plaintiff next argues that the documents and information sought in Interrogatories 8-9 and Document Requests 2-3 (what Plaintiff describes as the supposed "crux of the dispute") are not FERPA protected because they are "directory information." Plaintiff's argument turns the FERPA system on its head and conflates two issues. First, the documents sought in Document Requests 2-3 are clearly "education records" and not "directory information." These requests seeks "the application form and enrollment agreement or contract," and "any documents showing the address change(s)." (Emphasis added). These are confidential education records protected by FERPA and, in any event, clearly contain far more information than what is defined by FERPA as directory information. Similarly, Interrogatory 9 seeks educational records because it requires the School to provide the "tuition and fees charged, tuition and fees paid to [the School], grant money paid to [the School], scholarship funds paid to [the School], any other tuition or fees actually paid or obligated to be paid to [the School] by or on behalf of each student, from any

Hon. Mark Falk, U.S.M.J.
November 11, 2014
Page 3

source, for each semester or payment period during attendance." This confidential, financial information, besides being irrelevant to the limited issue of the citizenship of putative class members, is clearly not "directory information."

Second, Interrogatory 8 seeks undefined "student enrollment data," and essentially requires the School to create new records in response, not merely provide documents already in existence. Most important, and as further explained in the undersigned's October 30, 2014 letter [D.E. 62], the information sought in Interrogatory 8 (assuming it existed as a stand-alone document) is not "directory information" because only information that has been designated as "directory information" by the School can be publicly disclosed, and then only if the student has not objected to the release of information. 20 U.S.C. § 1232g(a)(5)(B). The School has not designated any information as "directory information," and therefore it cannot release this information. *See* Declaration of Joy Crowley, attached hereto as Exhibit A, at ¶ 5.

Indeed, the School has specifically represented to students that their records are private, are handled with confidentiality, and will not be released to third parties without their signed written consent. *Id*. at ¶ 3. The School's Student Catalog is provided to each enrolling student. *Id*. The "Student Records" section of the Student Catalog includes information regarding the School's retention and protection of its students' confidential student records. *Id*. It states: "All records are private and are handled with confidentiality…No personal or academic information will be released to a third party without the student's signed written consent." *Id.*

The "Student Records" section also lists the limited exceptions to this general rule, as required by FERPA. *See* 20 U.S.C. §1232g(b). It provides:

> The school reserves the right to release the records without the graduate's/student's written consent to following:
> - Officials of another school where the student seeks admission.
> - Representatives of the US Department of Education and DOE & DOL of New Jersey.
> - The financial aid service where financial aid eligibility will be determined.
> - State officials if required by state statute.
> - The accrediting agency carrying out accrediting functions and to organizations conducting studies for educational purpose only
> - The parents of a dependent student.
> - Compliance with a judicial order or subpoena.

*Id.* at ¶ 4. Directory information is not listed as an exception to the rule. The fact that putative class members are no longer in attendance is of no consequence. Their education records and personally identifiable information (including any imbedded information Plaintiff might try to describe as directory information) remain confidential and protected by FERPA even after graduation. *See* the undersigned's October 30, 2014 letter [D.E. 62].

HOMER BONNER JACOBS

Hon. Mark Falk, U.S.M.J.
November 11, 2014
Page 4

Plaintiff cites a string of district court cases in supposed support of her argument that she is entitled to hundreds of students' confidential, FERPA-protected information, but none of those cases are analogous. Most of the cases Plaintiff cites held that the documents sought were not protected by FERPA because they were not education records. For example, in one case, plaintiffs sought records from a hospital regarding the resident who had performed the surgery at issue. *Garza v. Scott & White Mem'l Hosp.,* 234 F.R.D. 617, 624 (W.D. Tex. Nov. 14, 2005). In another case, the plaintiff alleged there had been student abuse by substitute teachers, and sought incident reports relating to altercations between substitute teachers and students including witness statements on the incidents and any disciplinary actions taken. *Ellis v. Cleveland Municipal Sch. Dist.*, 309 F. Supp.2d 1019, 1022 (N.D. Ohio 2004). There, the court held that the records were not FERPA protected because they were not student records, they were teacher records. *Id*. at 1023 (also noting that, "[g]iven FERPA's underlying privacy concerns, it does…place a higher burden on a party seeking access to student records to justify disclosure"). Similarly, in *Bauer v. Kincaid,* the court held that criminal investigation reports of incidents at a college campus were not student educational records and therefore not protected by FERPA. *Bauer v. Kincaid,* 759 F. Supp.575, 590 (W.D. Mo. 1991). And in *DeFeo*, the court noted that the campus police department law enforcement records that plaintiff sought are specifically excluded from the definition of education records. *DeFeo v. McAboy,* 260 F.Supp.2d 790, 795 (E.D. Mo. 2003) Here, there is no question that the documents and information Plaintiff seeks are education records, not criminal investigation records, incident reports or teacher records.

The remaining two cases Plaintiff cites are copyright infringement cases where a plaintiff sought the issuance of a subpoena for records from a school. *Interscope Records LLC v. Does 1-4,* No. 1:07-4107-RDR, 2007 WL 2900210 (D. Kan. Oct. 1, 2007); *LaFace Records, LLC v. Does 1-5,* No. 2:07-cv-187, 2007 WL 2867351 (W.D. Mich. Sept. 27, 2007). Both cases specifically noted that the school could move to quash the subpoena. *Interscope Records LLC*, 2007 WL 2900210, at *2; *LaFace Records, LLC*, 2007 WL 2867351, at *3. And in *LaFace Records*, the court even noted that it was <u>not</u> holding that the subpoena was consistent with the school's FERPA obligations. *Id*.

Plaintiff effectively concedes that she bears a "significantly heavy burden" in establishing the relevance of the FERPA-protected documents and information she seeks, and must further establish a genuine need for such documents and information. *See, e.g.*, *Zaal v. State*, 602 A.2d 1247, 1256 (Md. 1992) (FERPA "places a significantly heavy burden on the party seeking access to student records"); *see also Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 526 (N.D. Ga. 2012) ("when addressing objections to the disclosure of educational records, courts have permitted discovery only when the party requesting the records has met a 'significantly heavier burden' to show that its interests in obtaining the records outweighs the significant privacy interest of the students"); *Ragusa v. Malverne Union Free Sch. Dist.,* 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) ("before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students"); *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) ("a party seeking disclosure of education records protected by FERPA bears 'a significantly heavier burden ... to justify disclosure than exists with respect to discovery of other kinds of information, such as business records'"). Plaintiff has clearly failed to meet this heavy burden. While she makes a blanket statement that "[t]he

Hon. Mark Falk, U.S.M.J.
November 11, 2014
Page 5

information sought by plaintiffs is discoverable and directly related to their claims," she failed to provide any meaningful supporting argument or provide any on-point case law whatsoever. Such bald, unsupported argument is insufficient.

### III.     Conclusion.

For these reasons, and those explained in the undersigned's October 30, 2014 letter [D.E. 62], Defendants ask that the Court sustain their objections to Plaintiff's discovery requests.

                                    Respectfully submitted,

                                    Peter W. Homer (*pro hac vice*)
                                    E-mail: phomer@homerbonner.com

cc:     Joseph DeFuria, Esq. (via ECF and e-mail)
        Leslie A. Farber, Esq. (via ECF and e-mail)
        Jeffrey J. Antonelli, Esq. (via ECF and e-mail)